UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

KEENAN L. JACKSON,

    Petitioner,

v.

KAREN HOGSTEN, *Warden*,

    Respondent.

Civil Action No. 6:10-00338-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Keenan L. Jackson, confined in federal custody in the Federal Correctional Institution located in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ D.E. 2].

As Jackson has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Although Jackson states in his § 2241 petition that a policeman violated his Fourth Amendment rights when he arrested and searched him in 2001, Jackson essentially appears to be alleging that his due process rights were violated in the federal criminal proceeding where he subsequently pleaded guilty to federal drug offenses and was sentenced to a 262-month prison term. Under those facts, and because Jackson asks that his conviction be set aside,[2] the Court construes his § 2241 petition as one asserting a claim of denial of due process of law in violation of the Fifth Amendment of the United States Constitution.

Because Jackson has shown neither that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his conviction, nor that he is actually innocent of the federal drug offenses to which he pleaded guilty, the Respondent will not be required to file an answer or other pleading. The Court will deny Jackson's § 2241 petition and dismiss this action with prejudice.

## PROCEDURAL HISTORY

On September 13, 2002, Jackson entered a conditional guilty plea to knowingly and intentionally possessing 50 or more grams of a mixture or substance containing cocaine base (crack) with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1)

---

[2] In his § 2241 petition, Jackson asks that "this case be remanded to Court for Jury Trial for 4th Amendment Violation and to [sic] further proceedings of law." [Docket No. 2, p. 3].

& (b)(1)(A). *See United States v. Jackson*, 3:02-30028-RM-1 (C.D. Ill.) ("the Sentencing Court"). Jackson conditioned his guilty plea on appealing the denial of his motion to suppress certain evidence, *i.e.*, cocaine discovered on his person during a search incident to his arrest for committing a traffic offense.

On December 16, 2002, Jackson was sentenced to 262 months imprisonment. Jackson appealed the denial of his motion to suppress to the United States Court of Appeals for the Seventh Circuit. *See United States v. Jackson*, 377 F.3d 715 (7th Cir. 2004). The Seventh Circuit held there was probable cause to arrest Jackson for a traffic offense. *Jackson*, 377 F.3d at 717.

After analyzing the facts of Jackson's arrest under controlling Supreme Court authority, *i.e.*, *Gustafson v. Florida*, 414 U.S. 260 (1973) and *Knowles v. Iowa*, 525 U.S. 113 (1998), the Seventh Circuit further held that Officer Sapetti's subsequent search of Jackson's person was justified under the Fourth Amendment of the United States Constitution. Because the cocaine was discovered on Jackson's person during a search incident to his detention resulting from a traffic offense, Officer Sapetti did not need "reasonable suspicion" to justify a pat-down search as required under *Terry v. Ohio*, 392 U.S. 1 (1968). *Jackson*, 377 F.3d at 716-17.

In 2005, Jackson filed a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jackson v. United States*, No. 3:05-CV-03178-JES (C. D. Ill.)

("the § 2255 Court"). He asserted two Sixth Amendment challenges to his conviction: that the Sentencing Court denied him his right to a jury trial by denying his motion to suppress, and that his counsel rendered ineffective assistance by committing errors relating to the motion to suppress and his guilty plea. Jackson later tried to amend his § 2255 petition by asserting unrelated claims challenging the Sentencing Court's determination that he was a career criminal offender.

The § 2255 Court denied Jackson's § 2255 petition, *see Jackson v. United States*, No. 05-3178, 2007 WL 1062923 (C. D. Ill. April 6, 2007), noting that on direct appeal, the Seventh Circuit affirmed the denial of his suppression motion, and that under the "law of the case" doctrine, Jackson could not collaterally challenge the district court's credibility determinations or factual conclusions under § 2255. *Id.*

The § 2255 Court noted that because the Sixth Amendment does not require a jury to rule on a motion to suppress evidence, Jackson's Sixth Amendment claim failed on the merits. *Id.* at *4. The § 2255 Court also denied Jackson's motion to amend his § 2255 petition to challenge the Sentencing Court's finding that he was an armed career criminal offender. *Id.* at *3.

In April 2007, Jackson filed a motion in the district court seeking a Certificate of Appealability to the Seventh Circuit Court of Appeals. *See Jackson*, No. 3:05-CV-03178-JES (C. D. Ill), [D. E. 16]. He raised four claims: (1) that the traffic stop

was pre-textual; (2) that trial counsel was ineffective in failing to impeach the officer with his own inconsistent statement during the hearing on the motion to suppress and in failing to show him discovery materials, (3) that counsel was not admitted to the bar of any state, and (4) that the Indictment was deficient. *Id.*

On July 10, 2007, the district Court denied Jackson's motion for a Certificate of Appealability, *id.* [D. E. 19] noting that because Jackson had failed to raise any of the four issues in his original § 2255 petition, he could not raise them for the first time on appeal. Further, the § 2255 Court concluded that Jackson had shown neither a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), nor that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently. *Id.*

The Seventh Circuit denied Jackson's application for a Certificate of Appealability, finding no substantial showing of the denial of a constitutional right. *Id.*, [D. E. 29]; *see Jackson v. United States*, No. 07-2602 (7th Cir. October 17, 2007).

## CLAIMS ASSERTED IN § 2241 PETITION

Jackson again challenges the legality of his February 10, 2001, arrest under the Fourth Amendment of the United States Constitution, which prohibits unreasonable searches and seizures. Jackson alleges that Officer Sapetti illegally placed him under arrest, searched him, and discovered crack cocaine on his person. He also alleges that

5

Sapetti engaged in racial profiling in violation of his constitutional rights. Jackson asks that his case be "remanded" so that he can have a jury trial.

## DISCUSSION
### 1. <u>28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective</u>

Jackson is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

This rule has one exception: the "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such

court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). Relief under § 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Jackson cannot make that showing because he is simply re-asserting the same Fourth Amendment challenges to his arrest and search which he unsuccessfully asserted on direct appeal, and the same Sixth Amendment challenges he asserted in his original § 2255 petition. As noted, Jackson entered a guilty plea conditioned on his right to appeal the denial of his motion to suppress evidence. On direct appeal, Jackson argued that claim; challenged both his arrest and Officer Sapetti's search of his person under the Fourth Amendment; and lost the arguments.

The § 2255 Court rejected Jackson's collateral Sixth Amendment challenges related to the denial of his suppression motion, because on direct appeal the Seventh Circuit had rejected the same underlying claim under a Fourth Amendment analysis. It then prohibited Jackson from asserting in a successive § 2255 motion more related challenges to his denied suppression motion. The Seventh Circuit then denied the Certificate of Appealability Jackson requested to assert further collateral challenges

7

to the denial of his motion to suppress.

A federal prisoner may not invoke the savings clause of § 2255, and thereby obtain relief under § 2241, where he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or asserted that claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Section § 2255 is not inadequate just because a petitioner has already exhausted his direct appeal and § 2255 options. *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003).

Jackson's § 2241 claims merely reiterate the Fourth Amendment probable cause claims he unsuccessfully raised on direct appeal, and the related Sixth Amendment claims he unsuccessfully raised in his prior § 2255 petition. The fact that Jackson was denied relief under § 2255, and permission to file a successive § 2255 petition, did not render his § 2255 remedy inadequate or ineffective to challenge his detention. *Charles*, 180 F.3d at 756. Thus, Jackson's current claims do not implicate either the savings clause of § 2255 or the provisions of § 2241.

## 2. No Showing of Actual Innocence

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence."

("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocense in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same). As Jackson makes no such claim, he does not assert a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Jackson's § 2255 remedy was not inadequate or ineffective to challenge his conviction, and he has not shown that he is actually innocent of the § 841 drug offenses of which he was convicted. The savings clause of § 2255 does not apply; his § 2241 petition will be denied and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Keenan L. Jackson's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D.E. 2] is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Karen Hogsten, Warden of FCI- Manchester.

This

his actual innocense in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same). As Jackson makes no such claim, he does not assert a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Jackson's § 2255 remedy was not inadequate or ineffective to challenge his conviction, and he has not shown that he is actually innocent of the § 841 drug offenses of which he was convicted. The savings clause of § 2255 does not apply; his § 2241 petition will be denied and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Keenan L. Jackson's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D.E. 2] is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Karen Hogsten, Warden of FCI- Manchester.

This __1__ day of March, 2011.

_____
HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE