UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

KEENAN L. JACKSON,

    Petitioner,

v.

KAREN HOGSTEN, *Warden*,

    Respondent.

Civil Action No. 6:10-00338-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Keenan L. Jackson, confined in he Federal Correctional Institution located in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* motion under Federal Rule of Civil Procedure 59(e), [D. E. No. 9], seeking reconsideration of the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As explained below, the Court will deny Jackson's Rule 59(e) motion.

## BACKGROUND

On December 10, 2010, Jackson filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his February 2001 arrest and search of his person leading to the discovery of drugs. That arrest and drug discovery led to his federal conviction in Illinois for possession of drugs under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and his resulting 262-month sentence.

After the screening the § 2241 petition pursuant to 28 U.S.C. § 2243, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment on March 7, 2011, denying Jackson's § 2241 petition and dismissing this action with prejudice. *See* [D. E. Nos. 7 & 8]. The Court concluded that Jackson had failed to establish that his § 2255 remedy in the federal court where he had been convicted was an inadequate or ineffective means to challenge his conviction, and that Jackson had not alleged the existence of either an applicable intervening change in the law or any extraordinary circumstances suggesting that he is actually innocent of the drug possession offenses of which he was convicted. [D. E. No. 7, pp. 6-10].

## DISCUSSION

A district court may alter a judgment pursuant to Rule 59(e) if it was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties, or where after entry of the judgment the parties discover previously-unavailable and material evidence or there is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

In his Rule 59(e) motion, Jackson states in one conclusory sentence that he seeks reconsideration of the Opinion and Order, but he provides no legal basis for his request. He does certainly not allege that any of the circumstances warranting relief

2

under Rule 59(e) exist. In its ten-page Opinion and Order, the Court carefully examined and discussed the claims Jackson asserted in his petition, and explained why he had not stated grounds for relief under § 2241.[1] Nothing in Jackson's bare-bones Rule 59(e) motion suggests that the Opinion and Order and Judgment should be reconsidered, altered, amended, or set aside for any reason.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Keenan Jackson's motion for reconsideration under Federal Rule of Civil Procedure 59(e), [D. E. No. 9], is **DENIED**.

This 22nd day of March, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

---

[1] As explained in the Opinion and Order, *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), establishes the threshold showing which a § 2241 petitioner, asserting a challenge to a conviction or sentence which would ordinarily be brought in the trial court, must make. As further explained in detail the Opinion and Order, Jackson failed to demonstrate under *Charles* either that his remedy via § 2255 was truly inadequate or ineffective, or that an intervening Supreme Court decision had been rendered defining the drug possession crimes of which Jackson was convicted as non-criminal. [D. E. No. 7, pp. 4-6].